UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ERIC P. TAYLOR, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.   4:18-cv-00460 |
| TUCKER, ALBIN AND ASSOCIATES, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes ERIC P. TAYLOR ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of TUCKER, ALBIN AND ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and Intentional Infliction of Emotional Distress, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Frisco, Texas, which is located within the Eastern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a "commercial collection agency" that prides itself on "aggressively recovering debt."[1]  Defendant's registered agent is located at 36 South 18th Avenue, Suite D, Brighton, Colorado.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of the nature of Defendant's attempt to collect upon a business debt ("subject debt") said to be owed by Plaintiff.

10. In approximately April 2018, Plaintiff began receiving calls to his cellular phone, (214) XXX-7203, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7203.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://tuckeralbin.com/about-us/

12. Upon answering phone calls from Defendant, Plaintiff has experienced a noticeable pause, lasting several seconds in length, before he is connected with a live representative.

13. Upon speaking with Adam Green ("Mr. Green"), one of Defendant's representatives, Plaintiff was informed that Defendant is attempting to collect upon the subject debt.

14. Plaintiff was confused as to the nature of Defendant's phone calls and requested that Defendant send him a letter in the mail, as Plaintiff disputed owing the amount requested by Defendant.

15. In addition, Plaintiff demanded that Defendant no longer contact him.

16. In response, Mr. Green notified Plaintiff that Defendant would send individuals to his home in order to collect upon the subject debt.

17. Mr. Green even told Plaintiff that Defendant has individuals in Plaintiff's neighborhood who would come to Plaintiff's home.

18. Plaintiff was extremely startled by Mr. Green's threats, which caused Plaintiff to contact the Frisco Police Department.

19. In spite of Plaintiff's demands and efforts, Defendant continued its harassing conduct, including calling Plaintiff's cellular phone at least 20 times thereafter.

20. Defendant has also left a number of threatening voice message on Plaintiff's cellular phone, in an attempt to collect upon the subject debt.

21. Defendant has contacted Plaintiff mainly using the phone number (972) 737-8713, but upon belief, Defendant has used other phone numbers as well.

22. Upon information and belief, the aforementioned phone number ending in -8713 is regularly utilized by Defendant during its debt collection activity.

23. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Defendant's phone calls and threatening behavior have caused Plaintiff to experience severe stress.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The noticeable pause, lasting several seconds in length, that Plaintiff experiences before he is connected with a live representative of Defendant's is instructive that an ATDS was being utilized to generate the phone calls.  Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

30. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that Defendant cease contacting him.

31. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was told to cease calling, but it defied those demands and consciously continued to harass Plaintiff, as evidenced by its persistent calls and threats.

WHEREFORE, Plaintiff, ERIC P. TAYLOR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. "To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended to inflict severe emotional distress or knew that there was a high probability that his conduct would do so; and (3) the defendant's conduct actually caused severe emotional distress." *Cangemi v.Advocate S. Suburban Hosp.*, 364 Ill. App. 3d 446, 470, 845 N.E.2d 792, 813, 300 Ill. Dec. 903 (2006).

35. Defendant intentionally engaged in extreme and outrageous conduct when it incessantly attempted to intimidate and coerce Plaintiff into making payments via threats and harassment carried out during conversations with Plaintiff.

36. Defendant knew that its relentless phone calls and threatening language toward Plaintiff would inflict severe emotional distress upon Plaintiff.  Threatening to send individuals to one's home would inherently cause a consumer to feel extremely threatened and vulnerable.  Here, Plaintiff called the Frisco Police Department, as he truly believed that Defendant would come to his home in an attempt to extract payment.

37. This deliberate conduct of threatening Plaintiff is indicative of Defendant's intent to inflict emotional distress upon Plaintiff.  Defendant's threats were designed to instill fear and emotional distress upon Plaintiff.

38. Defendant knew that its conduct would cause Plaintiff to suffer severe emotional distress, which was its intention, as frightening Plaintiff would likely force him into making a payment.

39. Defendant's conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

40. Upon information and belief, Defendant engages in this behavior quite frequently, and prides itself on these aggressive and harassing collection tactics.

41. As pled in paragraphs 23 through 26, Plaintiff was severely damaged by Defendant's conduct.

WHEREFORE, Plaintiff, ERIC P. TAYLOR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff his actual damages in an amount to be determined at trial;

c. Awarding Plaintiff punitive damages in an amount to be determined at trial; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 28, 2018                           Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)           s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103               Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                          Counsel for Plaintiff
Admitted in the Eastern District of Texas      Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.                       Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200            2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                        Lombard, Illinois 60148
(630) 568-3056 (phone)                         (630) 581-5858 (phone)
(630) 575-8188 (fax)                           (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                       thatz@sulaimanlaw.com